NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |
|---|
| SUZANNE DRAKE, |
| Plaintiff, |
| v. |
| THOR INDUSTRIES, INC. and COLONIAL RV, |
| Defendants. |

Civil Action No.: 18-14935 (JLL)

**OPINION**

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Suzanne Drake's opposition to Defendants' Notice of Removal, which the Court construes as a Motion to Remand pursuant to 28 U.S.C. § 1447. (ECF No. 3). Defendants Thor Industries, Inc. and Colonial RV have opposed Plaintiff's Motion. (ECF No. 11). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand.

## I. BACKGROUND

This dispute arises from the purchase of an allegedly defective vehicle. In July of 2015, Plaintiff purchased a new 2015 Airstream Interstate EXT recreational vehicle ("the RV") from Defendant Colonial RV ("Colonial") in Scotch Plains, New Jersey. (ECF No. 1-2 ("Compl.") ¶¶ 5–8; Compl. at 15). In connection with that purchase, Colonial issued to Plaintiff certain

"warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fail[ed] to meet the promised specifications," including "an express 3-year/36,000-mile warranty." (Compl. ¶¶ 8–10). Since the time of the purchase, the RV has required a series of repairs, including thirteen repair visits and leaving the RV out of service for 118 days. (Compl. ¶ 12). The RV "continues to exhibit defects and nonconformities which substantially impair its use." (Compl. ¶ 13). Plaintiff alleges that, "as a result of the ineffective repair attempts made by [Colonial] through its authorized dealer(s)," the RV remains "substantially impaired" and unusable for its intended purpose. (Compl. ¶ 11).

On September 11, 2018, Plaintiff brought this action against Colonial, Airstream, Inc. ("Airstream," incorrectly identified in the Complaint as Thor Industries, Inc.), and Mercedes Benz USA, LLC[1]—manufacturers of the RV—in New Jersey Superior Court, Union County, Docket No. UNN-L-3116-18. (Compl. ¶¶ 3–4). The Complaint alleges violations of the New Jersey Motor Vehicle Warranty Act, the federal Magnuson-Moss Warranty Improvement Act ("MMWIA"), and the warranty provisions of the Uniform Commercial Code. (Compl. ¶¶ 14–50). Airstream filed a timely removal of the action to this Court on October 12, 2018 pursuant to 28 U.S.C. § 1441, in which all Defendants joined. (ECF No. 1). Defendants argue that Plaintiff's MMWIA claim provides a basis for this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[2] (ECF No. 1 ¶ 6). On October 16, 2018, Plaintiff filed an opposition to Defendants' Notice of Removal, which the Court construes as a Motion to Remand pursuant to

---

[1] Plaintiff voluntarily dismissed Mercedes Benz USA, LLC from this action on October 22, 2018. (ECF Nos. 7, 9).
[2] Defendants do not argue that diversity of citizenship is a proper basis for removal, as both Plaintiff and Colonial are citizens of New Jersey. (Compl. ¶¶ 1–2). *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State.").

28 U.S.C. § 1447, arguing that the Court lacks subject matter jurisdiction because the Complaint does not satisfy the MMWIA's minimum amount-in-controversy requirement. (ECF No. 3 at 3).

## II. LEGAL STANDARD

Under 28 U.S.C § 1441, a party may remove a civil action from state court to federal district court if the district court would have original jurisdiction over the action. An action may be removed pursuant to the court's original federal question jurisdiction under 28 U.S.C. § 1331 if the action includes a claim arising under the Constitution, laws, or treaties of the United States. "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Where jurisdiction depends on the satisfaction of an amount-in-controversy requirement, and where a plaintiff contends that the requirement is not met, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

## III. ANALYSIS

The MMWIA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief . . . in an appropriate district court of the United States." 15 U.S.C. § 2310(d)(1). Although the MMWIA is a federal statute, a MMWIA claim may not be heard in federal court "if the amount in controversy is less than the sum or value of $50,000." *Id.* § 2310(d)(3)(B). "The standard measure of damages under the MMWIA is the cost of the vehicle

minus both the present value of the allegedly defective vehicle and the value of the plaintiff's usage." *Roxbury v. Gulf Stream Coach, Inc.*, No. 07-6046, 2008 WL 4307113, at *2 (D.N.J. Sept. 15, 2008). The amount-in-controversy determination is made based on a plaintiff's MMWIA claim alone; pendent state claims, attorneys' fees, and court costs are not included. *See Samuel-Bassett*, 357 F.3d at 402; *Roxbury*, 2008 WL 4307113, at *2.

Defendants argue that the amount in controversy under Plaintiff's MMWIA claim is $129,929.00, which is the purchase price of the RV as alleged in the Complaint. (ECF No. 1 ¶ 8). This is so, according to Defendants, because the Complaint's prayer for relief under the MMWIA requests damages "in an amount equal to the price of the subject vehicle." (ECF No. 1 ¶ 7; Compl. at 9). However, it is well-settled that "the difference in value" of the vehicle in question, "rather than simply the purchase price," is the sum relevant to the MMWIA amount-in-controversy analysis. *Samuel-Bassett*, 357 F.3d at 402. Defendants, as the "part[ies] asserting federal jurisdiction[,] must allege the cost of the replacement vehicle, minus both the present value of the allegedly defective vehicle and the value that the plaintiff received from the allegedly defective vehicle." *Id.* (quoting *Voelker v. Porsche Cars N. Am., Inc.*, 348 F.3d 639, 643 (7th Cir. 2003)). Defendants do not submit any such calculation here. Instead, Defendants insist that the Court should nevertheless consider the purchase price of the RV to be the relevant amount because Plaintiff's Complaint describes the present value of the RV as "worthless to the [P]laintiff." (ECF No. 11 at 7).

While it is true that the Complaint seeks damages in an amount equal to the price of the RV, that amount does not, as a matter of law, constitute the amount in controversy for purposes of federal jurisdiction under the MMWIA. *See Samuel-Bassett*, 357 F.3d at 402. Furthermore, Plaintiff's brief in support of her Motion to Remand values her MMWIA claim at $43,123.72,

4

which, according to a report by Plaintiff's motor vehicle damages appraiser, is equal to the RV's diminution in value. (ECF No. 3 at 3, 9, 43, 46). Other courts in this District have remanded MMWIA actions under similar facts. *See, e.g., Cole v. Jaguar Land Rover N. Am., LLC*, No. 11-4174, 2012 WL 685940, at *4 (D.N.J. Mar. 2, 2012) (concluding that, even if the complaint sought to recover the vehicle's gross cost, that amount could not constitute the amount in controversy "as a legal matter . . . since a plaintiff's [MMWIA] recovery is generally based on the difference between the price paid and the value received"); *Roxbury*, 2008 WL 4307113, at *2 & n.5 (remanding where the plaintiff's brief in support of remand was "an admission that he seeks less than $50,000 in damages under his MMWIA claim" and noting that this admission did "not preclude him from recovering $50,000 or greater under the additional state law claims").

Because Defendants incorrectly premise the satisfaction of the MMWIA's amount-in-controversy requirement on the purchase price of the RV, the Court concludes that Defendants fail to establish that this jurisdictional requirement is met. Because Plaintiff's remaining claims are state law claims, the Court lacks subject matter jurisdiction to adjudicate this dispute.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion to Remand. An appropriate Order accompanies this Opinion.

DATED: November 28, 2018

HON. JOSE L. LINARES
Chief Judge, United States District Court

5